UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANCEHALL, LLC,

                              Plaintiff,

        v.                                        1:11-cv-0383

QUALITY MANAGEMENT INVESTMENT
ADVISORS, INC., HOLT REAL ESTATE
GROUP, PITA PRODUCTIONS, LLC, and
LORI QUINONES,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

### DECISION and ORDER

        By Order dated April 7, 2011, Defendants were ordered to show cause why various

forms of preliminary injunctive relief sought by Plaintiff should not be granted.  See Dkt. No.

8.  Familiarity with the April 7 Order is presumed.  As part of that Order, Plaintiff was directed

to "serve a copy of the summons, complaint, and motion papers [hereinafter "the papers"] on

Defendants in accordance with Fed. R. Civ. P. 4 and also serve a copy of those same papers

via overnight delivery or courier service, which service shall be completed on or before 3:00

PM EST, on Mon., April 11, 2011."

        Plaintiff has responded that it mailed four sets of the papers via FedEx on

Defendant Quinones (one for her individually and one for each of the three corporate

defendants) to her last known address, which address is the one listed with the California

Department of Real Estate and the California Secretary of State.  FedEx confirmed that it

delivered the papers by leaving them at the front door of Quinones' residence. Plaintiff also engaged the services of a process server to personally serve the papers on Defendants. The process server made four separate attempts (during the weekend and during weekdays) to effectuate service to no avail. The process server observed that the address is a residence, that there appeared to be someone home (the process server saw lights on, heard activity in the house, and heard a dog barking), but nobody answered the door.[1] Plaintiffs also sent an e-mail to Defendant Quinones' attorney concerning service of process. The attorney responded that he is not representing Quinones in this action and that he was not authorized to accept service. Defendant Holt Real Estate Group has been properly served.

Plaintiff now seeks an order: (1) permitting nail and mail service; (2) modifying the order to show cause to permit Plaintiff to proceed with service upon Defendants Pita Productions, LLC and Quality Investment Management Advisors, Inc., pursuant to California and Nevada Corporate law (i.e. service upon the Secretary of State); and (3) granting the temporary restraining order previously requested.

Because it appears that Plaintiff has undertaken diligent efforts to serve Defendants and it further appears that Defendants are avoiding service, Plaintiff's motion is GRANTED IN PART. Plaintiff may effectuate service in accordance with Fed. R. Civ. P. 4(e)(2)(C), N.Y.C.P.L.R. § 308(4) (or §§ 308(1) - (3)), or applicable California law (with respect to Pita) or Nevada law (with respect to Quality Investment Management Advisors). The prior Order to Show cause is hereby modified to permit service as above-described on or

---

[1] The process server did not observe any packages outside the door, thereby suggesting that Defendants received the FedEx packages.

before April 13, 2011 without altering the dates upon which Defendants must respond or any

other dates set forth in the prior order.  Plaintiff's request for a temporary restraining order is

DENIED for failure to show that Defendants are transferring assets or otherwise taking steps

to avoid a judgment in the event Plaintiff is successful in the underlying litigation.

IT IS SO ORDERED.

Dated: April 13, 2011

Thomas J. McAvoy
Senior, U.S. District Judge